Prabhu Mohaptra
16619 S. 37th Way
Phoenix, Arizona 85048
480.706.1417
Pro Se

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AIOL All India On Line, Pvt.Ltd.
International Science and Technology, Inc.
Prabhu Mohapatra, individually as owner and founder,
    Plaintiffs,
v.

Anil Kumar Chawla and
spouse, Himani Chawla
jointly and severally,
    Defendants

Case No. 2003-CV-40084

## MOTION FOR SUMMARY JUDGMENT

Defendants filed a motion to dismiss or change venue in this case in the US District Court in Phoenix, Arizona **INSTEAD** of filing an answer to my complaint. In doing so, they stopped the clock requiring the filing of an answer to my complaint within the required time period of 20 days.

The court in Phoenix denied Defendants' motion to dismiss (construed as a summary judgment) but granted Defendants a change of venue to your court relating to my lawsuit against Defendants for cybersquatting in violation of the **ANTICYBERSQUATTING CONSUMER PROTECTION ACT ("ACPA") 15 U.S.C. § 1125(d)** and loss of business opportunity.

Upon the decision of that court, Defendants were then required to file an answer within 10 days as outlined in the FRCP, Rule 6 and Rule 12(a)(4)(A) to my complaint. Defendants have failed to answer and have failed to ask for more time to answer. They also did not appeal the decision of the Phoenix court. Defendants have completely ignored my complaint and have refused to answer my complaint. They have acted in bad faith.

Summary judgment obviates the need for a trial where there is no genuine issue as to any

1  material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
2  The party seeking summary judgment bears the initial burden of providing there is no genuine
3  issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).
4      In view of the above facts and the pleadings in my complaint, Defendants are deemed to
5  have admitted the averments in my complaint and thus there are no genuine issues of material fact.
6  Defendants have admitted to engaging in cybersquatting and causing me loss of business and,
7  thus, I am entitled to a summary judgment in this matter.
8      I therefore request this court to:
9      1.    Declare I have rights in and should and must be the rightful owner of the domain
10         name, "allindiaonline.com"
11     2.    Order Defendants to transfer the domain name "allindiaonline.com" to me.
12     3.    Order Defendants to pay damages in the amount of $100,000 as provided by the
13         ACPA.

RESPECTFULLY SUBMITTED on May 29, 2003

**AIOL, ALL INDIA ON LINE PVT, LTD.**

By: _____
Prabhu Mohapatra
AIOL All India On Line
308 S. Extension Rd., #111
Mesa, Arizona 85210
480.961.9151 Fax 480.961.9296
e-mail: prabhu@aiol.com

Self Represented

Date: May 29, 2003

- 2 -

## CERTIFICATE OF SERVICE

I certify that I served a copy of this reply on May 29, 2003 via regular mail to Anil Kumar Chawla and Himani Chawla at their address, 16 Shrewsbury Green Drive, Unit H, Shrewsbury, MA, 01545.

Prabhu Mohapatra

- 3 -