# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **All India Online, Pvt Ltd** )<br>International Science & Technology, Inc )<br>Prabhu Mohapatra, individually as owner )<br>and founder )<br>**(Plaintiffs)** )<br>                    v.                                  )<br>                                                          )<br>Anil Kumar Chawla and )<br>spouse, Himani Chawla )<br>jointly and severably )<br>**(Defendants)** )<br>                                                          )<br>_____ ) | Case : **03-2003-CV-40084 NMG** |

## RESPONSE AND DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a motion for summary judgment by providing untrue and completely false information. Plaintiff has deliberately concealed the key information, which is related to the fact that the US District Court of Arizona has transferred the plaintiff's case **(EXHIBIT 1)** to Massachusetts on the grounds of proper jurisdiction and a **pending civil charges against him** from the US District Court of Massachusetts, case number: 02-40198-NMG **(EXHIBIT 2)**. Both cases are related to same issue, which is about a domain name having words "allindiaonline". Following a warning letter from Sheriff, Plaintiff accepted and acknowledged the service of summons, which he had been manipulating for months.

We, both defendants fully respect the decision of honorable Judge from the US District Court of Arizona. We have been granted the "Change of Venue", which we had requested in our "Motion to Dismiss or Change of Venue".

Plaintiff also lied by stating, " Defendants have completely ignored my complaint and have refused to answer my complaint…" In fact, plaintiff is directly contradicting his statement from his earlier motion, which he had filed to US District Court of Massachusetts **(EXHIBIT 3)**. In that motion, plaintiff expressed enough satisfaction from responses from defendants by stating "…arguments and defenses they laid out in great details…" Plaintiff had also lied in that motion by stating that defendants had accepted jurisdiction of Arizona Court. Though Plaintiff and his attorney tried to deceive both courts, but both defendants struggled extremely hard to get jurisdiction of

Massachusetts from plaintiff's retaliatory civil case. Defendants did respond to that motion (**EXHIBIT 4**) and clarified the facts to that matter.

Plaintiff's attorney had already received a detailed response from both defendants (**EXHIBIT 5**) on at least two occasions with USPS priority mail tracking numbers as 03020980000388017517 and 03020980000388032237. Plaintiff also received necessary EXHIBITS about this matter. Therefore, plaintiff is fully aware of response from both defendants, but knowingly he acted in a bad faith to conceal and lie about this matter. After our response, plaintiff was unable to produce any document to the US District Court of Arizona, and he could not prove the legitimacy of his charges against both defendants. Defendant (Anil Chawla) also received threatening calls (anonymous calls) from plaintiff in which defendants were warned to withdraw their civil case against plaintiff.

Once plaintiff could not succeed in extortions of money from defendant (Anil Chawla), he decided to take revenge by harassing his spouse too. Therefore he filed his fraudulent and retaliatory civil case from Arizona. Plaintiff and his attorney have also acted in a appalling ways to provide distorted view of the facts in their complaints. They deliberately mislead the court by providing fictitious and irrelevant information.

Based upon proper US registration of web domain name, defendants are the legitimate owners of website www.allindiaonline.com. We never asked any money (in exchange for our domain name) from plaintiff and neither we expressed our desire to sell our website to plaintiff or anyone else. On the other side, Plaintiff does not have any relevant/legitimate business in USA. We never made any contact with plaintiff. Therefore, plaintiff's claims about ACPA charges are completely falsified and retaliatory.

Though, defendants have already provided enough information in their prior motions, but we are including updated chronology of facts (including details), which is as follows:

***Plaintiff has provided a completely vague view about the first use of commerce. He has concealed following information:***

  a. *Plaintiff had hidden the fact that defendants are the first one to acquire the domain name- legally from Internic, USA. Plaintiff had hidden the fact that defendants got the domain name solely for the purpose of their own website business.*
  b. *Plaintiff had hidden the fact that defendants were running their website while they were harassed, threatened, defamed, and they were forced to shut down their site.*
  c. *Plaintiff had hidden the fact that defendants never approached him for any money and neither they expressed any desire for any compensation in exchange of their domain name.*
  d. *Plaintiff had hidden the fact that he is facing another lawsuit from American giant company (America Online, Inc) due to his deceptive practices. Plaintiff*

*deliberately ignored to state that the Summary Judgment about that case (related to AIOL-All India Online) has already gone against plaintiff.*

e. *Plaintiff had hidden the fact that he acquired other similar domain names several months/years after defendant got their domain name. By acquiring such names plaintiff decided to fool the legal system –in order to cover up his role in cyber squat.*

f. *Plaintiff had hidden the fact that he had no interest in our domain name (www.allindiaonline.com); otherwise he could have registered this name to himself once it was available for general public. Plaintiff had hidden the fact that he made a pre-plan (by not acquiring such names) to make excuses for the purpose of blackmail and extortion of money.*

g. *Plaintiff had hidden the fact that in order to avoid any legal litigation against him, he deliberately listed his non-existent and fake addresses in USA, including wrong addresses in his registrations data profile.*

h. *Plaintiff has hidden the fact that he wanted money in millions of dollars, even when defendants had operated their site for just few weeks in 1999.*

i. *Plaintiff had hidden the fact that he lied and mislead defendants that he owns a US trademark, thus demanded money- as a part of bizarre tactics. Plaintiff has also hidden the fact that he was never given a US trademark.*

j. *Plaintiff has hidden the fact that there is no address for company "AIOL- All India On Line" in the United States. Plaintiff has also hidden the fact that there are no US legal registrations for any of his relevant domain names.*

k. *Plaintiff has hidden the fact he is linking the name (AIOL-All India On Line) to other company- just to deceive court that he has a US address.*

l. *Plaintiff has hidden the fact that he has threatened and stalked defendants by showing himself as a powerful person, as s multi-millionaire that he has money in million of dollars, along with powerful attorneys and lot of connections…*

m. *Plaintiff has hidden the fact that initially he demanded $44 million, but after receiving criminal complaint from police department, he changed the amount to $100,000*

*Detailed information to support above facts is provided in following 5 sections:*

## Section I
## WEBSITE DOMAIN NAME – HISTORY AND TRUE FACTS

*(This section includes evidences to support the fact that defendants acquired their site (**www.allindiaonline.com**) legally for the purpose of their own business. Therefore defendants deserve the legitimate right for their own domain name. Plaintiff's role in deceitful business, dishonesty and cyber squatting is also highlighted)*

a) Defendants registered their domain name (www.allindiaonline.com) legally and lawfully from Internic, USA. For proof, please see registration data sheet for this domain name (**EXHIBIT 6**), which shows that this domain name was legally and lawfully acquired on February 08, 1999. The registration profile also shows that

defendants contact address is a proper and legitimate US address. Defendants <u>never</u> changed US address since this domain name was registered. **Please also see EXHIBIT 7, which describes the motives and pre-plan intentions of plaintiff to cyber squat and extort the money from defendants.**

b) Plaintiff's amended civil lawsuit (**EXHIBIT 8**), paragraph 12 states: *"Defendants have not used the domain name but have provided misleading, if not false, information in registering the domain name..."* **The real fact is as follows:**

> Defendants got the domain name (www.allindiaonline.com) solely for the purpose of their own website. Defendants designed their site (took about 6 months), and spent money and time is gathering the data, and finally installed the site for the general public during August/September 1999. **EXHIBIT 9** includes a graph, which shows traffic to defendants site. This graph proves that we launched our site for our own business. Following plaintiff's threats, the traffic to this site declined sharply as he succeeded in closing down our site. Until plaintiff started to harass defendants, both defendants were not aware of plaintiff, his location or any of his businesses. To this date, for records, defendants <u>never called</u> plaintiff, and they <u>never interfered</u> plaintiff's business in any ways.

c) After defendants opened their website, they were threatened, intimidated and defamed by plaintiff. On account of extreme cruelty and inhumane attitude, defendants had no choice except to close down their site. Even after closing the site, plaintiff continued to threat and demanded money. Since October 1999, plaintiff blackmailed both defendants by making false allegations (threatening and anonymous calls) that defendants have violated a US trademark, therefore pay him money in millions. He wanted money to be paid at the rate of few million dollars/month to an unknown location. Finally, regarding <u>stalking behavior</u> of plaintiff, defendants informed District Attorney and requested for police assistance. Plaintiff even forced defendants to give notarized statements. Mr. Bjotvedt (plaintiff's attorney) had referred to an e-mail message (**EXHIBIT 10**) which plaintiff received from defendant (during October 19, 1999), in which defendant had requested him to stop harassment. This e-mail message itself provides enough evidence that plaintiff was indulged in cyber squat activities. That e-mail message also provides sufficient evidence that we were running our site, but we were forced to close down our site against our will. Though, as of today, plaintiff is still running his websites and selling things from his sites, but defendants website is closed since 1999.

d) In the mean time, the SUMMARY JUDGMENT from a different case (America Online V. Prabhu Mohapatra) went against plaintiff. That matter is also related to plaintiff's deceptive domain name (AIOL.COM) as he planned to compete directly with America Online, Inc. by providing Internet connections in USA. After plaintiff lost the Summary Judgment, he probably could not operate or sell his Internet connections in USA from his website aiol.com. On account of this frustration, plaintiff found out that defendant's legally acquired Internet site could be of big gain

to him. Since that time, he became <u>extremely obsessed and embarked</u> upon a journey to force both defendants to hand over money and their website domain.

e) Once plaintiff came to know that defendants have filed complaints to police and DA's office, he tried to mislead the legal system by acquiring other similar domain names such as allindiaonline.net, allindiaonline.org, allindiaonline.cc, allindiaonline.biz, allindiaonline.info etc. **EXHIBIT 11** shows the dates for acquiring such domain names by plaintiff. Dates of such registrations prove that defendants are THE FIRST ONE to get a domain name with a word "allindiaonline". Plaintiff has stated that he is doing his business in USA, but none of his relevant domain names have even USA address. In his website (www.aiol.com), and other domains names, even he listed India's address.

f) As Mr. Prabhu Mohapatra's website (www.aiol.com) is so different than defendants website (www.allindiaonline.com), **an FBI agent** (after complaints to police) reviewed the mater, and found out that defendants should have no problem in running their site. But, on account of continuous threats from plaintiff, defendants were unable to operate their website.

g) Plaintiff <u>never</u> had any legitimate US business (related to domain name or company "AIOL-All India On Line") and neither he had any relevant US trademark from USPTO. Therefore, in order to hide this fact, plaintiff deliberately ignored to mention any word about a US trademark in his retaliatory civil lawsuit.

h) Plaintiff showed no remorse even when defendant (Anil Chawka) was going through medical surgeries. Rather, he took an advantage of defendant's poor health and wanted money to be paid right away in millions of dollars. During his phone calls, he often talked about his company's board of directors, and dictated their decisions. Even plaintiff did not hesitate in stating that in worst case (**if I die during my hospitalization**), if some one or my wife could pay him losses in SEVERAL million dollars. Plaintiff might have thought that we are rich persons, thus he may have hoped to succeed in extortion of money. But, the fact is that we are ordinary citizens working hard every day to meet our needs and to raise our small kids.

i) Plaintiff is trying to divert the attention towards some business in India from his retaliatory civil case against defendants. However, both defendants are US citizens, living in USA and got their domain name legally from USA. Thus under such circumstances, plaintiff has no right to harass us to force or shut down any business which is being operated on this soil. Defendants do respect the law and also feel proud as citizens of the Unites States.

j) **Plaintiff's civil lawsuit also states** (paragraph 12, **EXHIBIT 8**) *"Defendants are engaging in cyber squatting with the intent of extorting compensation from Plaintiffs in exchange for the transfer of the domain name…"* **The real fact is as follows:**

It is completely false information. We never engaged in such discussion and there is no evidence to support this allegation. Rather, Mr. Mohapatra tried to extort money from defendants in millions of dollars, beside his intentions to grasp our domain name. Please see **EXHIBIT 12**, which is a letter as addressed to 1st assistant District Attorney, Mr. James Reagon of Worcester County Courthouse. Every time, I warned plaintiff for my complaint to police, he showed no remorse, and no fear from US law system. In the past, **plaintiff had told bluntly to defendant (Anil Chawla) "I do not care for Police, FBI or Court.."** For records, plaintiff also received a copy of that letter (addressed to DA's office) by e-mail. That letter included several allegations against plaintiff stalking.

## Section II
### *Evidences to support that the plaintiff's company 'AIOL All India On-Line' is <u>NOT</u> a legitimate part of commerce in USA*

**Plaintiff's civil lawsuit (EXHIBIT 8), paragraph 11 states** *"The trade name "AIOL All India On-Line' is a legitimate part of commerce conducted by Plaintiffs in the United States of America"*

**The real facts are as follows:**

a) Following my complaints to police department, plaintiff decided to defend his role in cyber squat by linking the name "All India Online, Pvt Ltd" with some other company.

b) According to Arizona Corporation Commission, no any company titled "AIOL-All India Online, Pvt Ltd" exists in Arizona. As of today, anywhere in the United States, there is no any legitimate business under the company titled "All India On line Pvt Ltd." Furthermore, NO any US trademark has been issued to this name. On the name of fictitious US trademark, plaintiff victimized and terrorized defendant's family for more than three years.

c) On account of the possibility of criminal action by police department, plaintiff had been hiding his contact address, running away or relocating his business from one place to other. Please see **EXHIBIT 13**, which shows relocation of his addresses or undeliverable addresses. Also, Arizona Corporation Commission has fined plaintiff.

d) As soon as plaintiff came to know that defendants had filed complaints to police, he acquired other similar domains names as stated above (**EXHIBIT 11**). He acquired those names in order to give a false impression, so that he could claim that his web domains have some connection with our legally acquired domain name.

e) By the time, plaintiff forced us to close down our running site www.allindiaonline.com (during October 1999), his own site (www.aiol.com) had only few thousand clicks for the entire time since he was in this website business.

Therefore, his company was an <u>unknown company</u>. This provides enough evidence that he was using his cover-up business as a tool for the purpose of cyber squat and as a con artist. At that time, pictures of his website were provided to police department too. Please see **EXHIBIT 14**, which is picture of his website as taken during October 1999. At the bottom of that picture, numbers of clicks are clearly visible.

f) In order to extort money from defendants, Mr. Mohapatra tried to use defaming and scaring tactics. He stated that he has filed complaint against defendants to higher authorities. Attached as **EXHIBIT 15** is a letter from Assistant Attorney General, Chief, High-Tech & Computer Crimes Division in which it is states that no record was found for a complaint against us by Mr. Mohapatra. This provides enough evidence that plaintiff did not file any complaint to Attorney General, but he was using a scaring tactics to wrest money from us.

g) **Deceptive trademark to extort money** (relationship of plaintiff case with America Online, and plaintiff's threats to defendants). Mr. Mohapatra deliberately filed a deceptive trademark ('AIOL- All India On-Line') with USPTO to deceive and hurt other businesses. As a result, plaintiff was <u>never issued registration</u> to that trademark. Plaintiff deliberately tried to hide this key fact from both defendants. Plaintiff had also hidden a fact that an opposition to his trademark was filed in 1999, even before he started to harass both defendants for the first time. Please see **EXHIBIT 16,** showing plaintiff's own website and his statement about summary judgment in which he states "Also the motion of summary judgment in favor of "AIOL-All India On Line was denied by he US Dept. of Commerce."

> i) Plaintiff victimized both defendants for three years on the name of that imaginary trademark. Plaintiff asked money on account of words such as "All India On-Line" in that make-believe trademark.
>
> ii) On the other hand, he decided to deceive a well-established company like AOL (AMERICA ONLINE, INC) too, by running his site (as AIOL.com) and selling Internet connections, similar to AOL.com. Please see a proof (**EXHIBIT 17**), which is an advertisement by defendant himself, making publicity of his site AIOL.com for selling Internet connections in USA- therefore competing directly with AOL for their similar business. In a civil lawsuit by AOL (AMERICA ONLINE, INC), court's three Judges found out that he was indulging in deceptive Internet practices, and their conclusion was as follows:
>
>> a) That trademark as filed by Prabhu Mohapatra would deceive AOL
>> b) Closely resembles AOL
>> c) Falsely suggests a connection with AOL

## Section III
## Charges of misconduct- intimidation and lies by plaintiff's attorney, Mr. Eric Bjotvedt

a) Mr. Bjotvedt, attorney for plaintiff knew several incidents of harassment and cyber-squat practices by Mr. Mohapatra, but he decided to manipulate and hide many key facts about this matter. Indeed, in one of his letters, Mr. Bjotvedt referred to an e-mail message as written to plaintiff by defendant (Anil Chawla) during 1999. That message contains enough evidence of cyber squat activities by Mr. Mohapatra. Please see **EXHIBIT 5** (points 22 to 37), which refers to several of such manipulations. Many other facts, as mentioned in this exhibit also provide enough information that Mr. Bjotvedt <u>knowingly</u> concealed and misrepresented the whole matter in a civil case against both defendants.

b) In the past, Mr. Bjotvedt <u>had threatened</u> us that he would contact World Intellectual property Organization, and US Department of Commerce. Please see such letters from Mr. Bjotvedt (EXHIBIT 5) as mailed to our home address. It is obvious that plaintiff and his attorney had a conspiracy to use scaring tactics to extort money and grasp our domain name. Mr. Bjotvedt subjected both defendants to further harassment, like sending irrelevant letters of intimidation. He tried to drain both of us with <u>MENTAL TORTURE by using dishonest attitude, deceit, and tricks</u>.

c) In order to hide the truth about website domain name, Mr. Bjotvedt tried to divert the attention to completely irrelevant issues as evidenced from his letters. Mr. Bjotvedt tried to scare us by giving warnings like "3rd reminder", "final reminder", "next action", "neglected information" etc. From his letters, it is hard to figure out the time frame and proper references of such warnings.

d) Though Mr. Prabhu Mohapatra's address was located, but in order to avoid court summons (from defendants civil law suit), plaintiff and his attorney manipulated and refused the service of summons. They tried numerous trick to deceive court by providing false information. More information about this matter is also provided in next section.

e) As per suggestion from the office of Attorney General of Arizona, charges of inappropriate behavior of Mr. Bjotvedt were addressed to <u>Arizona State Bar</u>. Please see a written response (file case number: 03-0018) from Bar Counsel, Mr. Robert Swartz (**EXHIBIT 18**).

f) Before Sate Bar of Arizona could investigate inappropriate behavior of Mr. Bjotvedt, Bar Counsel has also advised defendant (Anil Chawla) over the phone, that in order o find out the violation of ethical rules, this matter should be addressed to US District Court of Massachusetts for a preliminary hearing,

## Section IV
## The pending case against plaintiff from US District Court of Massachusetts. Plaintiff's manipulations, fraudulent claims and lies about his motions to dismiss.
Part of conspiracy between plaintiff and his attorney to avoid/manipulate summons from defendants civil law suit

Soon after a certified process server (fully qualified pursuant to RCP 4 (d), 4 (e), and 45 (d), to serve process in the State of Arizona) served plaintiff with service of summons, plaintiff started to manipulate and exploit the service of summons. Thereafter, he filed his retaliatory civil law suit, and refused accepting any court related certified letters from defendants at any of his addresses. In one instance, plaintiff even opened a letter (containing copy of summons) and sent back to defendants stating that he was out of town. Plaintiff's attorney, Mr. Bjotvedt also manipulated a court related letters- he either returned or refused to accept letters from defendants. In one instance, plaintiff's attorney also opened one letter and sent back to defendant. That returned letter had strong evidences, which were related to deceitful activities of plaintiff.

Since plaintiff was served with summons from defendant, plaintiff has filed 4 motions to dismiss the case from US District Court, Massachusetts. In his first three motions, he lied and manipulated the matter about service of summons. Plaintiff even provided notarized statements to court, which appears to be deceitful.

Finally on January 17, 2003 a <u>warning letter from Worcester Sheriff's office</u> (**EXHIBIT 19**) was<u> sent to plaintiff's home address</u> about his manipulative behavior. Soon after receiving that warning letter from Sheriff, <u>plaintiff officially acknowledged the service of summons</u>. Worcester Sheriff was provided with strong evidences (including attachments 1 to 3), which provided solid proofs that plaintiff was trying to <u>deceive the Federal Court of Massachusetts about service of court summons</u>.

Surprisingly, plaintiff's manipulations never stopped. Though plaintiff accepted and acknowledged the service of summons, but he decided to deceive the US District Court of Massachusetts once again by providing false information. He filed in his 4th motion for "Leave to Amend to Dismiss" (**EXHIBIT 3**), he lied by stating that defendant has accepted the jurisdiction of Arizona, therefore he wanted defendant's case to be dismissed. Immediately defendant filed his <u>opposition</u> to that motion in which truth and all facts were highlighted (**EXHIBIT 4**).

## Section V
## Harassment related issues
(Plaintiff terrorized defendant's family for several years)

a) Plaintiff may have believed that defendants are rich person and therefore he terrorized their family for the purpose of extortion of money. Soon after he lost the summary judgment (America Online V. Prabhu Mohapatra) plaintiff became

extremely obsessed to grasp defendants domain name. Defendants had also received anonymous calls to handover money to plaintiff. Police was unable to take an immediate action as no proper contact address was available for plaintiff. As soon as defendants received two threatening letters from his attorney (during summer of 2002), which were full of lies, defendants forwarded the matter to legal authorities. Soon police department and DA's office decided to file criminal charges against plaintiff. In the mean time, plaintiff also filed a retaliatory lawsuit in order divert the attention from **CRIMINAL INVESTIGATIONS.**

b) The entire experience of the harassment, cyber squatting and blackmail practices by Mr. Prabhu Mohapatra has been documented by the POLICE DEPARTMENT of Shrewsbury, <u>Massachusetts.</u> For the records, defendant (Anil Chawla) had been in touch with local DA's office and the local Police Department about this matter since October 1999. In the face sheets from police department (**EXHIBIT 20**), it is clearly written, that "...**harassed victim to the point that victims health and well being is affected.**" One time defendant had to seek an emergency help (**EXHIBIT 21**) after receiving an anonymous and threatening call about allindiaonline related issue.

c) After plaintiff received summons from defendant's civil lawsuit (**EXHIBIT 2**), he probably realized that an imminent criminal action might follow. Plaintiff's attorney, Mr. Bjotvedt also received a letter (**EXHIBIT 20**) from a magistrate of trial Court of The Commonwealth, District Court Department, Massachusetts about the criminal action against plaintiff and his company. After receiving that letter from magistrate, plaintiff decided to amend civil lawsuit and changed the amount from $44,000,000 to $100,000 (**EXHIBIT 22 and 8**).

d) On two occasions, trial court asked plaintiff and his partner to appear in the court, but both times they did not show up. Eventually, on account of civil pending cases (Massachusetts and Arizona) and jurisdictional issue at Massachusetts state court of Westborough, police department decided to forward the case to federal authorities. For records, defendants never ever called plaintiff. Several times, defendants have been tricked/encouraged to make phone calls to plaintiff, which is obviously a part of plaintiff ploy to manipulate and to exploit the matter.

e) According to a letter from Mr. Mohapatra's employee, one of plaintiff's partner's whereabouts is still unknown. Mr. Sajnay Sangani is also a co-conspirator to extort money.

In all of our previous Motion to Dismiss/Change of venue (US District Court, Arizona) or Opposition to Dismiss (US District Court, Massachusetts), defendants had submitted detailed documents, which included all legitimate proofs and evidences, such as cover sheets from police department, letter from the Trial Court of The Commonwealth of Massachusetts, involvement of FBI, defendant's letter to 1st assistant District Attorney, letter from Chief, High-Tech & Computer Crime Branch, copy of ruling from US Dept. of Commerce (as signed by three judges), graph of traffic to defendant's website in 1999,

and registration profile (WHOIS) of domain names. Those documents and the information as provided now should provide sufficient grounds that defendants reserve their right to their web domain name, and Mr. Mohapatra made a well-planned scheme to cyber-squat, and hurt other US businesses, including our business.

## Conclusions and request for relief:

1. Retaliatory civil lawsuit as filed by plaintiff against defendants is fraudulent and it has no foundation. Therefore, defendants respectfully oppose plaintiff motion for Summary Judgment.

2. Plaintiff is already facing a civil lawsuit charges from defendant (case # 02-40198-NMG) pertaining to the same issue. Therefore, we respectful request honorable court to consolidate both cases together.

3. Defendants are the rightful owner for their own web domain, allindiaonline.com. On account of threats from plaintiff, defendants could not operate their website since 1999. At present, based upon pending litigations to this matter, defendants respectfully request that plaintiff should not be permitted to use any of relevant domain names, until the court takes its final decision.

4. According to a letter from Bar Counsel, defendants respectfully request hearing/ruling to inappropriate behavior of Plaintiff's attorney.

Signature: *(signed)*

Name: Anil K. Chawla

Address: 16 Shrewsbury Green drives, Unit H
Shrewsbury, MA 01545

Phone: 508-755-6212


Signature: *(signed)*

Name: Himani K. Chawla

Address: 16 Shrewsbury Green drives, Unit H
Shrewsbury, MA 01545

Phone: 508-755-6212

**Request for this motion is submitted on June 9, 2003**
Copy to US District Court of Massachusetts, case number: 02-40198-NMG

## Service certification:

As plaintiff has decided to represent by himself (not through his attorney), therefore a copy will be sent to plaintiff' following addresses (as listed in his motion):

Prabhu Mohapatra,
AIOL- All India On Line
308 S, Extension Rd., #111
Mesa, AZ 85210

Prabhu Mohapatra
16619 S, 37th Way
Phoenix, AZ 85048