United States District Court
District of Massachusetts

```
_____
                               )
Anil Chawla,                   )
                               )
     Plaintiff,                )
                               )      Civil Action No.
     v.                        )      02-40198-NMG
                               )
Prabu Mohapatra and Sanjay     )
Sangani,                       )
                               )
     Defendants.               )
_____)
```

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of a dispute between the plaintiff, Anil Chawla ("Chawla"), and the defendants, Prabu Mohapatra ("Mohapatra") and Sanjay Sangani ("Sangani"), over an internet website formerly owned by Chawla.

**II. Background**

On February 8, 1999, Chawla registered the domain name "allindiaonline.com" and in August 1999, began operating an internet website under that name. Mohapatra and Sangani are the President and Vice President, respectively, of ISTI Network, Inc. ("ISTI") and Mohapatra is the owner and founder of AIOL All India On-Line Pvt. Ltd. ("AIOL"), a global internet service provider

for the Indian community.[1]  AIOL operates a website under the domain name "AIOL.com".

On October 6, 1999, Mohapatra and Sangani sent a letter to Chawla, claiming that Chawla's use of the domain name "allindiaonline.com" infringed their trademark and directing Chawla to cease using that name for any internet-related service. According to Chawla, he was forced to close his website and, since that time, Mohapatra and Sangani have continually harassed and threatened him and his wife in an effort to force him to surrender his domain name and to ensure that he does not continue to operate his website.  Consequently, on October 23, 2002, Chawla filed a complaint in this Court seeking damages in the amount of $300,000 for the loss of his website and the emotional stress endured as a result of the defendants' harassment and threatening behavior.

On October 31, 2002, AIOL, ISTI and Mohapatra filed a complaint against Chawla and his wife in the United States District Court for the District of Arizona ("the former Arizona action").  In that complaint plaintiffs allege that the Chawlas' failure to surrender the domain name "allindiaonline.com" constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d) and intentional

---

[1] Aside from being the Vice President of ISTI, it is unclear what relationship Sangani has to AIOL.

interference with business relations. In response, the Chawlas filed a motion for change of venue, or in the alternative, to dismiss for failure to state a claim on which relief can be granted. On April 10, 2003, treating the motion to dismiss as a motion for summary judgment, United States District Court Judge John W. Sedwick denied that motion but allowed the motion for change of venue and, in the interest of justice, transferred the case to this Court. It was docketed as Case No. 03-cv-40084. On August 11, 2003, the former Arizona action was consolidated with this case.

Also, on that day, the Court held a scheduling conference at which it encouraged both parties to retain counsel and advised the plaintiff that his complaint was deficient. After that conference, Chawla filed a motion to amend his original complaint and Mohapatra filed a motion to dismiss the amended complaint for failure to state a claim. Neither party is currently represented by counsel. Mohaptra briefly had an attorney, Eric Bjotvedt, but Bjotvedt withdrew his appearance after Chawla filed two criminal harassment complaints against him, and a complaint to the Arizona Board of Bar Overseers.

In addition to the motion to dismiss, Mohapatra has filed a motion to strike Chawla's opposition to the motion to dismiss, a motion to strike Chawla's reply to the opposition for summary judgment and a motion for an "order of protection."

**III. <u>Argument</u>**

A.  <u>Plaintiff's Motion for Leave to File an Amended Complaint</u>

At this Court's instruction, Chawla filed a motion on August 28, 2003 for leave to file an amended complaint.  When, as in the instant case, a responsive pleading to the original complaint has already been served, Fed.R.Civ.P. 15 allows a party to amend its pleading only by leave of court but permits such amendment "when justice so requires."  In this case, as the plaintiff is acting *pro se* and the court instructed him to amend his complaint or face dismissal of his claim, justice requires that Chawla have the opportunity to amend. Accordingly, the plantiff's motion to amend will be allowed.

B.  <u>Defendant's Motion to Dismiss for Failure to State a Claim</u>

In response to Chawla's motion to amend, Mohapatra filed a motion to dismiss for failure to state a claim upon which relief can be granted. A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Judge</u> v. <u>City of Lowell</u>, 160 F.3d 67, 72 (1st Cir. 1998) (quoting <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41, 45-46 (1957)).  In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which

judicial notice can be taken.  <u>Nollet</u> v. <u>Justices of the Trial Court of Mass.</u>, 83 F.Supp.2d  204, 208 (D.Mass. 2000) <u>aff'd</u>, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  <u>Langadinos</u> v. <u>American Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  <u>See</u> <u>Nollett</u>, 83 F.Supp.2d at 208.  Additionally, because the plaintiff is appearing *pro se* the complaint must be read with "an extra degree of solicitude."  <u>Rodi</u> v. <u>Ventetuolo</u>, 941 F.2d 22,23 (1st Cir. 1991).

In the amended complaint Chawla cites three alleged claims against the defendants: 1) a demand for declaratory judgment to establish that his registration and commercial use of the domain name "allindiaonline.com" was legal and did not violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d), 2) a demand for declaratory judgment under the Lanham Act 15 U.S.C. §1125(a)(1) and 3) an unspecified claim in tort.

The facts asserted in the amended complaint are sufficient to sustain either of the declaratory judgment claims.  Section 1125(d) of Title 15 of the United States Code, the so-called "Anticybersquatting Consumer Protection Act," holds that a person shall be liable in a civil action by the owner of a mark if that

person 1) has bad faith intent to profit from that mark and 2) registers, traffics in or uses a domain name that "in the case of a mark that is distinctive at the time of registration of the domain name is identical or confusingly similar to that mark." Id.

    A central issue in the instant case is the ownership of Chawla's website "allindiaonline.com" and whether Chawla's use of that domain name violates the defendants' interest in the website "aiol.com" and the company "All-India On-Line" or "AIOL."  Chawla asserts that the defendants' constant legal threats forced him to shut down his website and lose business in the amount of $300,000.  He claims that the defendants do not have a valid trademark, that his domain name is neither identical nor confusingly similar to "aiol.com" and that he did not act in bad faith.  Moreover, Mohapatra has also filed a claim under 15 U.S.C. §1125(d) against Chawla in the former Arizona action.  Consequently, the facts alleged in Chawla's complaint are sufficient to sustain an action for declaratory judgment under 15 U.S.C. §1125(d), and the defendants' motion to dismiss that claim will be denied.

    The Lanham Act, 15 U.S.C. §1125(a)(1), permits civil suits for trademark violation.  Chawla seeks declaratory judgment that his website "allindiaonline.com" does not violate any trademark that Mohapatra may own.  Chawla also asserts that he has "common

trademark law" protection in the domain name and that Mohapatra has violated *his* trademark.  While that claim is not as clearly drafted as the §1125(d) claim, Chawla has raised questions with respect to the validity and existence of Mohapatra's trademarks.  As such, Mohapatra's motion to dismiss the Lanham Act claim will be denied.

    Chawla also asserts a vague tort claim.  He alleges:

> "Complaint by plaintiff arises out of the defendants'
> (a) knowingly false and defamatory statements
> (b) unlawful conspiracy, individually and jointly among both defendants to harm plaintiff's website (c) unlawful and intentional interference, designed to take over plaintiff's entire website (d) improper and wrong conduct without justification or evidences (e) hiding whereabouts and listing irrelevant conduct to avoid civil charges."

Even allowing for the extra solicitude to be afforded to *pro se* defendants, Chawla has failed to state a tort claim. It is unclear from the above-quoted claim what the alleged tort is.  Moreover, the allegation is merely a restatement of a paragraph contained in the original deficient complaint and does not state a claim upon which relief can be granted.  Accordingly, the defendant's motion to dismiss this Count will be allowed.

C.  <u>Defendant's Motion to Strike Plaintiff's Opposition to Motion to Dismiss</u>

    Mohapatra also filed a motion to strike plaintiff's opposition to defendant's motion to dismiss arguing that the motion is "speculative, non-responsive, redundant, superfluous, full of false statements and hearsay, scandalous, and fails to

address how Plaintiff has stated a claim under MA law."  While both parties have regularly filed voluminous and redundant papers, the plaintiff has a right to oppose defendant's motion, and he will be allowed to do so.  Mohapatra's motion will be denied.  The Court cautions the parties, however, that if, in the future, they file any such repetitive and over-broad pleadings, they will be striken.

D.   Defendant's Motion For Summary Judgment

On June 2, 2003, Mohapatra filed a motion for summary judgment in the former Arizona action with respect to Mohapatra's counterclaim.  Defendants assert that by failing to surrender the website "allindiaonline.com" Chawla violated the Anticybersquatting Protection Act, 15 U.S.C. §1125(d) and committed the tort of interference with Mohapatra's business relations.

The motion, as filed, is untimely because there has been no discovery thus far in the case.  The Court has insufficient information to decide a summary judgment motion and, while Mohapatra has entitled his motion as one for summary judgment, he offers no memorandum of law in support of that motion.  Instead, he merely asserts that there is no genuine issue of material fact and that the court should find in his favor.  His pleading is devoid of any argument or alleged facts to support his assertion. The motion for summary judgment will, therefore, be denied

without prejudice.

E.   <u>Defendant's Motion to Strike Plaintiff's Reply to Opposition to Summary Judgment</u>

Mohapatra has also filed a motion to strike Chawla's "Reply to Opposition to Summary Judgment" on the grounds that it is "untimely filed". It is unclear to which document he specifically objects. The motion for summary judgment was filed by Mohapatra, see <u>supra</u>, and an opposition was filed by Chawla. Following the filing of that motion, Chawla filed an opposition to the motion to strike but there is no record of Chawla filing a reply to the opposition for summary judgment. Indeed, it would make no sense for Chawla to file such a motion because it was he who filed the opposition in the first place. Accordingly, Mohapatra's motion will be denied.

F.   <u>Defendant's Motion for Order of Protection</u>

At one point Mohapatra was represented by Arizona counsel, Attorney Eric Bjotvedt. Mohapatra contends that each time Bjotvedt contacted Chawla, Chawla filed a complaint against him and that because of Chawla's actions Attorney Bjotvedt now refuses to represent Mohapatra. He seeks an "order of protection" to prevent Chawla from harassing him and his attorney.

The protective order is a discovery device, normally used to protect a party or person from harassment arising from the discovery process or from requiring that person to disclose

certain information. In the instant case, where discovery has not yet begun, it is inappropriate to estop Chawla from contacting and/or filing claims against Attorney Bjotvedt. Therefore, Mohapatra's motion will be denied.

### ORDER

For the reasons stated in the foregoing memorandum, Chawla's motion for leave to file an amended complaint (Docket No. 24) is ALLOWED; Mohapatra's motion to dismiss Chawla's amended complaint (Docket No. 26) is ALLOWED with respect to the tort claim and DENIED with respect to the claims pursuant to 15 U.S.C. §1125(d) and 15 U.S.C. §1125(a)(1); Mohapatra's motions to strike Chawla's opposition for motion to dismiss, to strike Chawla's reply to opposition for summary judgment and for order of protection (Docket No. 31) are DENIED; and Mohapatra's motion for summary judgement (Docket No. 3 in the former Arizona action, 03-cv-40084) is DENIED.

**So ordered.**

                                    /s/ Nathaniel M.Gorton

                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: December 12, 2003